UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24221-CIV-LENARD/LOUIS

PABLO DARIO CASTILLO,

     Plaintiff,

v.

FERNANDO COLMENARES,

     Defendant,

_____/

FERNANDO COLMENARES,

     Counter-Plaintiff,

v.

PABLO DARIO CASTILLO,

     Counter-Defendant,

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Alter or Amend Judgment ("Motion") (D.E. 323), filed October 2, 2025. In it, Defendant requests the Court alter or amend its Judgment ("Judgment") (D.E. 322) entered September 30, 2025. Plaintiff filed his Response ("Response") (D.E. 324) on October 14, 2025, and Defendant filed his Reply ("Reply") on October 20, 2025. Having considered the Motion, the Response, the Reply, the docket, and otherwise being fully informed, the Court finds as follows.

## I.     Background

The Plaintiff filed the Complaint ("Complaint") (D.E. 1) on December 1, 2021, alleging the following Counts against the Defendant: (I) breach of fiduciary duty; (II) fraudulent misappropriation;[1] (III) conversion; and (IV) constructive trust. D.E. 1 at 4-10. The Complaint alleges that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The Plaintiff is an Argentine citizen who resides in Argentina. D.E. 1 at 1. The Defendant is a citizen of Florida. *Id.* The Plaintiff alleges an amount in controversy greater than $75,000. *Id.* The Defendant filed his Answer, Affirmative Defenses, and Counterclaim ("Counterclaim") (D.E. 34) on April 21, 2022.

Throughout this case, Defendant has engaged in persistent bad faith, dilatory conduct. *See* D.E. 314. This case was delayed several times, including due to Defendant's dilatory tactics. *See* D.E. 163 at 2. When Defendant failed to appear at the Final Pretrial Conference scheduled for June 16, 2025, the Court granted Plaintiff's *ore tenus* Motion for Default and dismissed Defendant's Counterclaim. *See* D.E. 310. The Court later supplemented its findings in an Order ("Order Granting Default") (D.E. 314) and directed Plaintiff move for default judgment. *See* D.E. 314 at 23-24. On September 22, 2025, Plaintiff filed his Motion for Default Judgment (D.E. 317), and Defendant filed his Response to the Motion for Default Judgment (D.E. 320) on September 29, 2025. At the Court's direction, Plaintiff filed a Supplement to the Motion for Default Judgment ("Supplement") (D.E. 319), also on September 29, 2025. *See* D.E. 318; D.E. 319.

---

[1] The Complaint has since been amended to voluntarily dismiss Count II. D.E. 263.

The Court granted Default Judgment and entered its Judgment on September 30, 2025. D.E. 321; D.E. 322. Defendant's Motion requests the Court alter or amend its Judgment pursuant to FRCP 59(e), alleging the Judgment "contains a clear error of law" and was the result of "procedural irregularity that materially affected the outcome of the case." D.E. 323 at 1. Specifically, Defendant argues that Plaintiff lacks standing to enforce his claims and that the Court erred by allowing Plaintiff to proceed with his claims personally, instead of as a derivative action. *Id.* at 2-3. Further, Defendant alleges that by granting the Motion for Default Judgment without providing Defendant an opportunity to respond to the Supplement, the Court's Judgment was procedurally flawed. *Id*. at 3-4.

In his Response, Plaintiff argues that there was no clear error, that Defendant's standing argument is recycled and incorrect, and that there was no procedural error, as Defendant was able to respond to the first Motion for Default Judgment, and that the Supplement introduced no new evidence or legal argument. D.E. 324 at 2-5.

In his Reply, Defendant reiterates his arguments from the Motion. *See* D.E. 325.

## II.     Applicable Law

Federal Rule of Civil Procedure 59(e) provides that a party may move to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). The only grounds for granting a Rule 59(e) motion "are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). A litigant "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

3

## III.  Discussion

The Court first addresses Defendant's argument that the Court erred by granting default judgment, asserting that this case should have been treated as a derivative action, and that allowing Plaintiff to personally recover damages was clear error. Defendant previously made this same argument in his untimely Motion for Judgment on the Pleadings. *See* D.E. 221; D.E. 230.

As an initial matter, this argument does not meet the standard of Rule 59(e) of presenting either newly discovered evidence or manifest error in law or fact. Plaintiff has properly pleaded this action alleging personal harm. Pursuant to Florida law, a member of an LLC may maintain a direct action against another member or manager to protect their rights and interests where they plead and prove an actual injury that is not solely the result of injury suffered by the LLC. FL Stat § 605.0801 (2025). The Complaint properly pleads actual injury suffered directly by Plaintiff, and the Motion for Default Judgment and the Supplement prove that injury. *See* D.E. 1; D.E. 319.

Furthermore, this argument has already been advanced by Defendant, in his Motion for Judgment on the Pleadings and in his Motion for Reconsideration of the denial of the same. D.E. 221; D.E. 235. In denying the Motion for Reconsideration, the Court found that:

> Defendant Colmenares does not raise arguments that comply with the standard set forth by Rule 59(e). Defendant's motion is instead a length recitation of the procedural history of the case, and an attempt to litigate

4

matters that have either been previously addressed by the Court, or unresolved matters that must be addressed at trial.

D.E. 238. The Court adopts its reasoning from its denial of the Motion for Reconsideration.

That Defendant's Motion for Judgment on the Pleadings was denied for being untimely, rather than decided on its merits, does not alter this conclusion. Per the Eleventh Circuit, Rule 59(e) motions cannot be used to "relitigate old matters, raise argument or present evidence that *could have* been raised prior to the entry of judgment." *Michael Linet*, 408 F.3d at 763 (italics added). Defendant cannot now use the Motion to take yet another bite at the apple.

Next, the Court addresses the argument of procedural irregularity. Defendant argues that the Court erred by entering Judgment without providing Defendant an opportunity to respond to the Supplement. D.E. 323 at 3. Defendant argues that this materially affected the outcome of the case. *Id.* at 1. As the Court noted above, Defendant filed a response to Plaintiff's Motion for Default Judgment. See D.E. 317; D.E. 320. The Court directed Plaintiff to file a supplement to his Motion for Default Judgment that contains further proof of his claims.  D.E. 318. Plaintiff did so and the Court granted Judgment. D.E. 319; D.E. 322.

This argument is without merit. Defendant was not entitled to respond to the Supplement. Defendant was afforded the opportunity to respond to the Motion for Default Judgment. Defendant's Response to the Motion for Summary Judgment and the Motion contain substantially the same argument, specifically, that Plaintiff was not entitled to bring

this case as a personal, rather than derivative, action. *See* D.E. 320; D.E. 323. This relitigation of a baseless argument would not have availed him in response to the Supplement any more than in the Motion for Summary Judgment. Defendant argues that the Court denied him the opportunity to respond to the Supplement

In sum, this Motion is the most recent chapter in Defendant's dilatory, bad faith conduct that he has maintained throughout this case. Had Defendant wished to defend this case in good faith, he had nearly five years in which to do so. Instead, at every step, he engaged in bad faith behavior, misrepresented facts, and showed a flagrant disregard for the Court's Orders and a total lack of respect for everyone else in this case.

## IV.    Conclusion

For the preceding reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Alter or Amend Judgment (D.E. 323) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of April, 2026.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**